TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000573-KB

DATE 12-29-15 ʒₗₗₐɢₒᵤᵣₜ P.C

ELIZABETH ROBERTSON MURRAY                                    MOVANT
KBA MEMBER NO. 87057

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                               RESPONDENT

## OPINION AND ORDER

Applicant, Elizabeth Robertson Murray, Kentucky Bar Association ("KBA") member number 87057, whose bar roster address is 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202, was admitted to the practice of law in the Commonwealth of Kentucky on November 25, 1997. Subsequently, Murray filed a motion to withdraw her membership from the KBA pursuant to Supreme Court Rule ("SCR") 3.480(1). At the time, Murray had no disciplinary investigations, complaints, or charges pending against her. Accordingly, this Court granted Murray's motion to withdraw on September 22, 2005.

Murray and her husband subsequently opened a law firm in Cincinnati, Ohio, where she practiced until November of 2013. Murray then became employed with the law firm Frost, Brown, Todd, LLC, in Cincinnati, Ohio. On April 22, 2014, Murray applied for restoration to the practice of law pursuant to SCR 3.500(3). Murray's application included a memorandum from the KBA

Office of Bar Counsel ("OBC") stating that she has no disciplinary matters pending against her, nor has she been the subject of any claims against the Clients' Security Fund. In addition, the KBA Director of Continuing Legal Education ("CLE") provided a letter stating that Murray has completed the required number of CLE credits required for restoration per SCR 3.675. Lastly, Murray included with her application affidavits from three attorneys who vouch for Murray's character and fitness.

On June 1, 2005, the KBA Character and Fitness Committee (the "Committee") rendered its Findings of Fact, Conclusions of Law, and Recommendation. The Committee determined that Murray exhibits good moral character and is worthy of the trust and confidence of the Kentucky public. Consequently, the Committee recommends that Murray be restored to the practice of law conditioned upon her successful completion of the Reinstatement Bar Examination. On June 16, 2015, the Board unanimously concurred with the Committee's findings and recommendation. The Board also suggested that Murray's restoration be conditioned upon her paying current KBA membership dues, along with the costs associated with this restoration proceeding. Murray's application for restoration was then referred to the KBA Office of Bar Examiners. On July 28, 2015, Murray sat for the Reinstatement Bar Examination. On September 25, 2015, the KBA Board of Bar Examiners certified in writing that Murray obtained a passing score, thereby qualifying her for restoration to KBA membership.

Murray's application for restoration now comes before this Court. In order for the Court to approve Murray's application, we must ensure that she has complied with the conditions set forth in SCR 3.500(3)(a)-(e), which states as follows:

> A former member whose withdrawal or suspension from membership has prevailed for 5 years or longer may apply for restoration by: (a) Submitting an application for restoration . . . (b) Submitting with the application a certificate from the Office of Bar Counsel that the former member has no pending disciplinary matters; (c) Submitting with the application a certificate from the Director of Continuing Legal Education pursuant to SCR 3.685 . . . . (e) If the Character and Fitness Committee recommends approval of the application and the Board concurs, the application shall be referred to the Board of Bar Examiners of the Kentucky Office of Bar Admissions, for the administration of a written examination . . . . If the Applicant passes the examination or is approved for admission without examination, such fact shall be certified to the Court and to the Director, together with a recommendation for the Applicant's restoration to membership. Upon this certification, the Disciplinary Clerk shall transmit the record to the Court for its consideration of the application for restoration.

Upon review of the record, this Court finds that Murray has satisfied the requirements of SCR 3.500(3), including passing the bar examination as required by SCR 3.500(3)(e). Having no reason to disagree with the Board's recommendation, we find that Murray is entitled to be restored to the practice of law.

ACCORDINGLY, IT IS ORDERED THAT:

1. Applicant, Elizabeth Robertson Murray, KBA member number 87057, is hereby restored to KBA membership and the practice of law in this

Commonwealth, subject to her payment of any applicable unpaid KBA membership dues.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Wright, J., not sitting.

ENTERED: December 17, 2015.

_____
CHIEF JUSTICE